```
                FILED         RECEIVED
                ENTERED       SERVED ON
                        COUNSEL/PARTIES OF RECORD

                    JUL 17 2019

                 CLERK US DISTRICT COURT
                   DISTRICT OF NEVADA
            BY:                         DEPUTY
```

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

VALLIER WILLIAM TOMPKINS,

                Plaintiff,

v.

KAREN GEDNEY, et al.,

                Defendants.

3:16-cv-00692-RCJ-CBC

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE[1]**

       Pending before the Court is Plaintiff Vallier William Tompkins' ("Tompkins") Motion for Temporary Restraining Order or Preliminary Injunction. (ECF No. 10.)[2] Defendant Dr. Martin Naughton ("Defendant") filed a response (ECF No. 15), Tompkins did not reply.

       Tompkins' motion for a temporary restraining order ("TRO") or preliminary injunction ("PI") does not comply with Local Rule 7-2, which requires a motion to have a supporting memorandum of points and authorities. Dist. Nev. L.R. 7-2. While Tompkins includes a five-page affidavit, he does not point to any legal authority or case law which would entitle him to relief. (ECF No. 10 at 3-7.)

       Additionally, Tompkins' underlying action is based upon the Nevada Department of Corrections' ("NDOC") prior iteration of Medical Directive 219. (ECF No. 8.) The NDOC enacted a new policy in June of 2019, which prioritizes treatment for inmates with hepatitis C if their APRI score is greater than or equal to 2.0, or if their APRI score is between .69 and 2.0 *and* their FibroSure is F3 or F4. However, Tompkins' medical information was last

---

[1] This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

[2] Although deficient, in the screening order, the Court appears to construe the document as a motion rather than a proposed order. (ECF No. 13.)

updated in March of 2018. (ECF Nos. 8, 10.) In light of the change in policy and outdated medical information, Tompkins' motion may be moot as he may already be receiving treatment.

Thus, the Court denies Tompkins' motion for a TRO or PI. Nevertheless, Tompkins may be able to cure these deficiencies. Therefore, Tompkins may, if he elects to do so, refile his motion in accord with this Order.

## IV. Conclusion

For the reasons stated above, the Court denies Tompkins' motion for TRO or preliminary injunction. (ECF No. 10.)

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

IT IS THEREFORE RECOMMENDED that Tompkins motion for preliminary a preliminary injunction or TRO (ECF No. 10) be **DENIED**.

**IT IS SO ORDERED.**

DATED: July 17, 2019.

_____
UNITED STATES MAGISTRATE JUDGE