1  AARON D. FORD
   Attorney General
2  DOUGLAS R. RANDS, Bar No. 3572
   Senior Deputy Attorney General
3  State of Nevada
   Public Safety Division
4  100 N. Carson Street
   Carson City, Nevada 89701-4717
5  Tel: (775) 684-1150
   E-mail: drands@ag.nv.gov
6
   *Attorneys for Defendant*
7  *Martin Naughton*

FILED
ENTERED
RECEIVED
SERVED ON
COUNSEL/PARTIES OF RECORD

JAN - 8 2020

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

8

9  **UNITED STATES DISTRICT COURT**

10  **DISTRICT OF NEVADA**     *ORDER*

11  VALLIER WILLIAM TOMPKINS,

12             Plaintiff,

13  vs.

14  KAREN GEDNEY et al.,

15             Defendants.

Case No.  3:16-cv-00692-RCJ-CLB

**MOTION TO EXTEND DEADLINE TO
FILE DISPOSITIVE MOTIONS**

16      Defendant, Martin Naughton, by and through counsel, Aaron D. Ford, Attorney General of the

17  State of Nevada, and Douglas R. Rands, Senior Deputy Attorney General, hereby move to extend the

18  deadline to file dispositive motions in this matter by sixty (60) days.  This Motion is made and based

19  upon the attached points and authorities, the papers and pleadings on file herein, and such other and

20  further argument as this Court may deem appropriate.

21               **MEMORANDUM OF POINTS AND AUTHORITIES**

22  **I.**    **Factual Analysis**

23      This is a *pro se* prisoner civil rights action brought by Plaintiff, inmate Vallier Thompkins,

24  (Plaintiff), under 42 U.S.C. Section 1983 and the Eighth Amendment to the U.S. Constitution alleging a

25  medical deliberate indifference claim arising from hepatitis C (HCV) treatment.  On January 14, 2019,

26  the Court issued its Screening Order. (ECF No. 13).  The surviving allegations are against Dr.

27  Naughton and others for deliberate medical indifference to serious medical needs under the Eighth

28  Amendment regarding chronic hepatitis C (HCV) infection and treatment.

1     Pursuant to this Court's Scheduling Order, dispositive motions must be filed by **January 8,**

2     **2020.** (ECF No. 35 at 4:1) Plaintiff has recently filed a motion for order compelling disclosure (ECF

3     No. 51). The Plaintiff requests documents be provided pursuant to an Order of the Court (ECF No. 45).

4     The documents available have been provided. (ECF No. 47). Plaintiff now has filed a motion to

5     compel (ECF No. 51). Defendants have responded (ECF No. 52). This Motion remain outstanding. A

6     positive ruling may affect the arguments in the Summary Judgment briefing. However, of more

7     concern is the fact that this is an HCV case.

8     As this Court is aware, many HCV cases in this jurisdiction have been consolidated into Case

9     No. 3:19-CV-00577-MMD-CLB, *In Re HCV Litigation.* There is a pending motion to certify a class

10    action pending in that litigation. (ECF No. 11). The briefing schedule on that motion is continuing.

11    While this case was not consolidated into the consolidated case, the decision on the motion to certify

12    the class may affect Plaintiff and his litigation. It may also affect the summary judgment motion.

13    Therefore, the Defendant requests this court extend the deadline for dispositive motions sixty (60) days.

14    **II.**    **Legal Analysis**

15    Federal Rule of Civil Procedure 6(b)(1) governs enlargements of time and provides as follows:

16          When an act may or must be done within a specified time, the court may,
for good cause, extend the time: (A) with or without motion or notice if

17          the court acts, or if a request is made, before the original time or its
extension expires; or (B) on motion made after the time has expired if the

18          party failed to act because of excusable neglect.

19    The proper procedure, when additional time for any purpose is needed, is to present a request

20    for extension of time before the time fixed has expired. *Canup v. Miss. Val. Barge Line Co.*, 31 F.R.D.

21    282 (W.D. Pa. 1962). Extensions of time may always be asked for, and usually are granted on a

22    showing of good cause if timely made under subdivision (b)(1) of the Rule. *Creedon v. Taubman*, 8

23    F.R.D. 268 (N.D. Ohio 1947). The present deadline to file motions for summary judgment is January 8,

24    2020. (ECF No. 35 at 4.)

25    Defendants seek an enlargement of time to file dispositive motions in this matter because they

26    are still dealing with discovery issues and due to the briefing on the Consolidated Case. Defendants do

27    not wish to waste the resources of this Court and this office in preparing a motion that may be affected

28    by the class certification.

1   Defendants respectfully request that the deadline to file motions for summary judgment in this

2   matter be extended by 60 days. If granted, the new deadline to file motions for summary judgment

3   would be Monday, **March 9, 2020**.

4   Good cause exists to extend the time to file this motion. This request is made in good faith and

5   not for the purpose of delay. Defendants respectfully submit that none of the parties will be prejudiced

6   by the extension of time sought.

7   **III.    CONCLUSION**

8   For the foregoing reasons, Defendant Naughton respectfully requests this Court grant his

9   Motion to Extend Deadline to file Dispositive Motions to **March 9, 2020**.

10   DATED this 7th day of January, 2020.

11                                    AARON D. FORD
                                      Attorney General
12

13                          By:      /s/ Douglas R. Rands
                                      DOUGLAS R. RANDS, Bar NO. 3572
14                                    Senior Deputy Attorney General

15                                    *Attorneys for Defendant*

16

17

18                          IT IS SO ORDERED

19

20                          U.S. MAGISTRATE JUDGE

21                          DATED 1/8/2020

22

23

24

25

26

27

28

3