UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| VALLIER WILLIAM TOMPKINS,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>KAREN GEDNEY, *et al.*,<br><br>　　　　　　Defendants. | Case No. 3:16-cv-00692-RCJ-CLB<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1] |

This case involves a civil rights action filed by Plaintiff Vallier Tompkins, ("Tompkins"), against Defendants Romeo Aranas, Karen Gedney, Marsha Johns, and Martin Naughton (collectively referred to as "Defendants"). Currently pending before the court is Defendants' motion for summary judgment. (ECF No. 61). Tompkins responded (ECF No. 78) and had previously filed a motion to compel discovery responses (ECF No. 59) and a motion to strike portions of Defendants' motion for summary judgment (ECF No. 69). Having thoroughly reviewed the record and papers, the court recommends this action be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(a)(2).

**I.    BACKGROUND AND PROCEDURAL HISTORY**

Tompkins is an inmate in the custody of the Nevada Department of Corrections and is currently housed at the Northern Nevada Correctional Center ("NNCC"), where the events of this case allegedly occurred. (ECF No. 8 at 1). On December 1, 2017, proceeding *pro se*, Tompkins filed his second amended civil rights complaint ("SAC") pursuant to 42 U.S.C. § 1983, which he signed and verified, under penalty of perjury, acknowledging the facts and information contained in the complaint were "true and correct." (ECF No. 8 at 12). Pursuant to 28 U.S.C. § 1915A(a), the court screened the

---

[1]    This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

SAC on January 14, 2019, and issued a screening order. (ECF No. 13.) The court allowed Tompkins to proceed on his Eighth Amendment deliberate indifference to serious medical needs claim against all Defendants. (ECF No. 13 at 7).[2]

### A. Defendants' Motion for Summary Judgment

On April 30, 2020, Defendants filed a motion for summary judgment alleging Defendants were not deliberately indifferent to Tompkins and Tompkins failed to exhaust his administrative remedies, and alternatively, that Defendants are entitled to qualified immunity. (ECF No. 61 at 7-12). On July 6, 2020, Tompkins filed a motion for submission (ECF No. 78) stating he was now satisfied with Defendants' treatment of his Hepatitis-C complications and that he no longer opposes Defendants' motion for summary judgment. (*Id.* at 2). Tompkins intimates he was solely seeking pain relief rather than compensation and hopes to not have wasted anyone's time with the instant action. (*Id.* at 3). In essence, Tompkins's submission is a request to discontinue the action. (*See id.*)

### B. Voluntary Dismissal Pursuant to Fed. R. Civ. P. 41(1)(2)

Indeed, where a plaintiff requests permission to discontinue an action, that request may be properly construed as "a motion to dismiss at plaintiff's instance" pursuant to Fed. R. Civ. P. 41(a)(2). *U S for Use & Ben of Fairbanks Morse & Co v. Bero Const Corp*, 148 F. Supp. 295, 298 (S.D.N.Y. 1957); *see Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996) (such dismissals are "addressed to the district court's sound discretion and the court's order will not be disturbed unless the court has abused its discretion") (quoting *Stevedoring Servs. of Am. v. Armilla Int'l B.V.,* 889 F.2d 919, 921 (9th Cir. 1989).

Fed. R. Civ. P. 41(a)(2) provides that the court may dismiss an action by court order at the plaintiff's request on terms the court deems proper. Furthermore, where specifically stated, that dismissal may be with prejudice. *Id.* Based on the above and a review of

---

[2] The Court further allowed Tompkins to proceed against former Defendant Dana Marks ("Marks"). (ECF No. 7 at 13). However, the Court dismissed Marks pursuant to Fed R. Civ. P. 4(m). (*See* ECF No. 56).

Tompkin's submission, the court construes Tompkins's submission (ECF No. 78) as a motion for voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(2). Therefore, the court recommends this action be dismissed with prejudice pursuant to Rule 41(a)(2) in accordance with Tompkins's request the action be discontinued.  The court further recommends Defendants' motion for summary judgment (ECF No. 61), Tompkins's motion to compel discovery responses (ECF No. 59) and Tompkins's motion to strike portions of Defendants' motion for summary judgment (ECF No. 69) be denied as moot.

## II.     CONCLUSION

For good cause appearing and for the reasons stated above, the court recommends this action be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(a)(2).

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## III.     RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that this action be **DISMISSED** pursuant to Fed. R. Civ. P. 41(a)(2);

**IT IS FURTHER RECOMMENDED** that Tompkins's motion to compel discovery responses (ECF No. 59) be **DENIED** as moot;

**IT IS FURTHER RECOMMENDED** that Defendants' motion for summary judgment (ECF No. 61) be **DENIED** as moot;

**IT IS FURTHER RECOMMENDED** that Tompkins's motion to strike portions of Defendants' motion for summary judgment (ECF No. 69) be **DENIED** as moot; and

**IT IS FURTHER RECOMMENDED** that the Clerk **ENTER JUDGMENT** accordingly.

**DATED**: August 13, 2020.

_____

**UNITED STATES MAGISTRATE JUDGE**